Albie B. Jachimowicz (State Bar No. 104549)
Gerald A. Emanuel (State Bar No. 61049)
Hinkle, Jachimowicz, Pointer & Emanuel
2007 W. Hedding St.
San Jose, CA 95128
Phone: 408-246-5500
Fax: 408-246-1051
Email: ajachimowicz@hinklelaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| ALEYDA MARITZA MOSCOSO, Personal Representative of the ESTATE OF JORGE LUIS TRUILLO, <br> Plaintiff <br> vs. <br> ROBERT L. DAVIS, Chief of Police for the City of San Jose; CITY OF SAN JOSE, a California Municipal Corporation, JOHN DOES 1 through 25, <br> Defendants | Civil Action No. C07 02998 <br><br> COMPLAINT FOR DAMAGES <br> (42 U.S.C. § 1983) <br><br> DEMAND FOR JURY |

## INTRODUCTORY STATEMENT

1. This is an action for damages by decedent Jorge Luis Trujillo's Estate for damages sustained by the decedent, a lawful resident of the United States, against police officers of the San Jose Police Department, who unlawfully beat decedent with batons and shot decedent with a taser gun causing his death.

2. The action is against the Chief of Police as the supervisory officer responsible for the conduct of the defendants and for the Chief of Police's failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, against the City of San Jose as the employer of the police personnel, which is

COMPLAINT - 1

1  sued as a person under 42 U.S.C. § 1983.

**JURISDICTION**

3. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the First, Forth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1343(a)(3), (4).

5. This Court may also exercise supplemental jurisdiction of the action under 28 U.S.C. § 1367 over the plaintiff's state law claims that arise from the same facts and circumstances.

**PARTIES**

6. The plaintiff is a citizen of Mexico. The plaintiff is the representative for the Estate of Jorge Luis Trujillo who was a resident of San Jose, California at all times relevant to the allegations of this complaint.

7. At all times relevant to this action, defendants "John Does" 1 through 25 were police officers employed by the Santa Clara County Police Department. These defendants' names are currently unknown to and undiscoverable by the plaintiffs. The plaintiffs will amend this complaint to state the true name of each " John Doe" as soon as possible.

    a. At all relevant times each and every defendant was acting as the agent, servant, and employee of defendant City of San Jose.

    b. These defendants are sued individually and in his or her official capacity.

8. At all times relevant to this action, defendant Robert L. Davis was the duly appointed Chief of Police for the San Jose Police Department. In this capacity, the Chief of Police was:

    a. The commanding officer of defendants "John Does" 1 through 25 and was responsible for their training, supervision, and conduct.

    b. Responsible by law for enforcing the regulations of the San Jose Police Department and for ensuring that San Jose City police personnel obey the laws of the State of California and of the United States.

    c. Acting as the agent, servant, and employee of the defendant City of San Jose.

    d. This defendant is sued individually and in his official capacity.

9. The defendant City of San Jose is a municipal corporation within the State of California

1  and, at all relevant times, it employed the other defendants in this action.
2  10.   At all relevant times and in all their actions, the defendants were acting under color of
3  law and pursuant to their authority as police personnel.

### FACTUAL ALLEGATIONS

5  11.   One January 25, 2006, at approximately 7:45 p.m. the decedent was a victim of assault
6  when two unknown suspects repeatedly beat him with a baseball bat.
7  12.   The decedent fled the scene of the assault on foot while bystanders called the police.
8  13.   Police Officers, "John Does" 1 through 25, arrived at the scene while decedent was
9  attempting to enter a car. After being severely beaten by the unnamed suspects, decedent was
10 startled by the police.
11 14.   The police sprayed the decedent with pepper spray, beat the decedent with a baton, and
12 then repeatedly used a taser to subdue him.
13 15.   The decedent was taken to Valley Medical Center where he was pronounced deceased on
14 or about January 26, 2006. The medical examiner determined that the contributory cause of death
15 was "multiple taser device applications."
16 16.   The actions described above were committed by the defendants "John Does" 1 though 25
17 in conjunction with other police officers in full view of the bystanders.
18 17.   As a result of the misconduct described above, the plaintiff Estate lost future income
19 which would have been earned by decedent, non-economic damages for the suffering of his
20 family, as well as legal fees and expense expenses.
21 18.   The abuse to which the decedent suffered was consistent with an institutionalized practice
22 of the City of San Jose Police Department, which was known to and ratified by defendants Chief
23 of Police and City of San Jose.
24 19.   Despite knowledge of these institutionalized practices, the defendants Chief of Police and
25 City of San Jose have at no time taken any effective action to prevent San Jose Police personnel
26 from continuing to engage in this type of misconduct.
27 20.   Defendants Chief of Police and City of San Jose had prior notice of the vicious
28 propensities of the defendants "John Does" 1 through 25, but took no steps to train them, correct

their abuse of authority, or to discourage their unlawful use of authority.

21. The failure of defendants Chief of Police and City of San Jose to properly train defendants "John Does" 1 through 25 included the failure to instruct them in applicable provisions of the State Penal Law of the State of California and the proper and prudent use of force.

22. Defendants Commissioner and County authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

    a. Failing to properly discipline, restrict, and control employees, including defendants "John Does" 1 through 25, known to be irresponsible in their dealings with citizens of the community;

    b. Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically defendants "John Does" 1 through 25;

    c. Failing to forward to the office of the District Attorney of Santa Clara County evidence of criminal acts committed by police personnel;

    d. Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

23. As a consequence of the abuse of authority detailed above, the plaintiffs sustained the damages alleged above

**FEDERAL THERORIES OF RECOVERY**

24. The actions and omissions described above, engaged in under color of state authority by the defendants (including defendant County, sued as a person and responsible because of its authorization, condemnation, and ratification of the acts of its agents), deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the plaintiff's:

    a. First Amendment right to freedom of expression;

    b. Fourth Amendment right to be free from unlawful seizure of his person;

c. Fifth and Fourteenth Amendment frights to due process of law, including the right to be free from unjustified and excessive force utilized by police; and

d. Eighth Amendment right to be free from cruel and unusual punishment.

## DEMAND FOR JURY

Plaintiff hereby demands a jury trial on all of the issues.

## PRAYER

Plaintiff demands the following relief:

1. Compensatory damages in the amount of $ 3,000,000.00.
2. Punitive damages in the amount of $3,000,000.00.
3. Attorney's fees pursuant to 42 U.S.C. § 1988.
4. An award of plaintiff's costs of suit.
5. All other relief that is appropriate under the circumstances.

Dated 5/3/07

Hinkle, Jachimowicz, Pointer & Emanuel

By: [signature]

Albie B. Jachimowicz
Gerald A. Emanuel
Attorneys for Plaintiffs