1  RICHARD DOYLE, City Attorney (#88625)
   NORA FRIMANN, Chief Trial Attorney (#93249)
2  MICHAEL R. GROVES, Senior Deputy City Attorney (#85620)
   NKIA D. RICHARDSON, Deputy City Attorney (#193209)
3  Office of the City Attorney
   200 East Santa Clara Street
4  San José, California  95113-1905
   Telephone Number: (408) 535-1900
5  Facsimile Number:  (408) 998-3131
   E-Mail Address:  cao.main@sanjoseca.gov
6
   Attorneys for Defendants
7  ROBERT L. DAVIS, Chief of Police for the City of San
   Jose; CITY OF SAN JOSE, a California Municipal
8  Corporation

9

10              UNITED STATES DISTRICT COURT

11             NORTHER DISTRICT OF CALIFORNIA

12                  SAN JOSE FACILITY

13

14  ALEYDA MARITZA MOSCOSO,          Case Number:  C07 02998 JF
    Personal Representative of the ETATE
15  OF JORGE LUIS TRUILLO,           **DEFENDANTS' ANSWER TO
                                     COMPLAINT; DEMAND FOR JURY
16              Plaintiff,           TRIAL**

17       v.

18  ROBERT L. DAVIS, Chief of Police for the
    City of San Jose; CITY OF SAN JOSE, a
19  California Municipal Corporation; JOHN
    DOES 1 through 25,
20
               Defendants.
21

22

23       Defendants, ROBERT L. DAVIS and CITY OF SAN JOSE, respond to Plaintiff's

24  Complaint as follows:

25       1.    In answer to the allegations in paragraph 1, Defendants admit that Plaintiff

26  has brought this action alleging various violations, but deny that Defendants violated any of

27  Plaintiff or Decedent Jorge Trujillo's ("Decedent") rights.  Defendants are without

28  information or belief as to the truth of Plaintiff's allegation that the Decedent was a lawful

                                  - 1 -

resident of the United States, and on that basis, deny said allegation. Defendants further deny that they acted unlawfully, beat Decedent, or caused Decedent's death.

2.      In answer to the allegations in paragraph 2, Defendants admit that Plaintiff has brought this action against these answering Defendants for various civil rights violations, but deny that these answering Defendants acted unlawfully or violated any of Plaintiff or Decedent's rights. Defendants also deny that San Jose Police personnel have, or had at the time at issue in this case, vicious propensities. Defendants also deny that the Chief of Police failed to assure proper training and supervision of personnel, or implement meaningful procedures to discourage lawless official conduct.

3.      In answer to allegations in paragraph 3, Defendants admits that the Plaintiff has brought this action pursuant to the provisions cited therein, but Defendants deny that they have violated any of these provisions.

4.      In answer to allegations contained in paragraph 4, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims.

5.      In answer to allegations contained in paragraph 5, Defendants deny that this Court may exercise supplemental jurisdiction over any state law claims in this action. Defendants note that t it does not appear from Plaintiff's complaint that any state law claims have been asserted.

6.      In answer to the allegations in paragraph 6, Defendants are without information or belief as to the truth of said allegations, and on that basis, deny said allegations.

7.      In answer to the allegations in paragraphs 7, 7a and 7b, Defendants are without information and belief as to the identity, capacity or employment of the various "Doe" Defendants, and on that basis, deny said allegations. Defendants also are without information and belief as to the "Santa Clara County Police Department," and on that basis deny said allegations.

8.      In answer to the allegations in paragraph 8, Defendants admit that Robert L. Davis is the Chief of Police of the San Jose Police Department.

- 2 -

1    8a.    In answer to the allegations in paragraph 8a, Defendants are without

2 information or belief as to the identity, capacity or employment of the various "Doe"

3 Defendants, and on that basis, deny said allegations.

4    8b.    In answer to the allegations in paragraph 8b, Defendants admit that, under

5 the San Jose Municipal Code, the Chief of Police for the San Jose Police Department is

6 responsible for enforcing the laws of the United States, the state of California and the

7 ordinances of the City of San Jose, except where law enforcement is exclusively vested in

8 another office or officer.

9    8c.    In answer to the allegations in paragraph 8c, Defendants admit the

10 allegations contained therein.

11    8d.    In answer to the allegations in paragraph 8d, Defendants admit the

12 allegations contained therein but deny that these answering Defendants have any liability

13 in this action.

14    9.    In answer to the allegations in paragraph 9, Defendants admit that the City of

15 San Jose is a municipal corporation within the State of California, and that Defendant

16 Robert L. Davis is a City employee.  Defendants are without information or belief as to the

17 identity, capacity or employment of "the other defendants in this action" other than Robert

18 L. Davis, and on that basis, deny the allegations contained in paragraph 9 that the City of

19 San Jose employed those other defendants in this action.

20    10.    In answer to the allegations in paragraph 10, Defendants admit Defendant

21 Robert L. Davis was acting under color of law.  Defendants are without information or

22 belief as to the identity, capacity or employment of the "Doe" Defendants and, on that

23 basis, deny said allegations as they pertain to any other Defendants.

24    11.    In answer to the allegations in paragraph 11, Defendants admit that on

25 January 25, 2006, at approximately 7:45 p.m. the Decedent was a victim of an assault

26 when suspects repeatedly beat him with a baseball bat.  Defendants deny that there were

27 only two suspects involved in the incident, and deny that the suspects are unknown.

28

DEFENDANT'S ANSWER TO COMPLAINT                                    C07 02998 JF
                                                                  431738

12.    In answer to the allegations in paragraph 12, Defendants admit that the Decedent left the scene of the assault, and that someone else called the police. Defendants are without sufficient information or belief as to how the Decedent left the scene, or whether the individual that called the police was a "bystander," and on that basis, deny those allegations contained in paragraph 12.

13.    In answer to the allegations in paragraph 13, Defendants are without information or belief as to the identity, capacity or employment of the "John Does" referenced therein, and on that basis, deny said allegations.  Furthermore, Defendants are without sufficient information or belief as to which "scene" is referenced in paragraph 13 of Plaintiff's Complaint and, on that basis, deny said allegations.  Defendants are also without information or belief as to whether Decedent was startled by San Jose Police Officers, and on that basis, deny said allegations.  Defendants admit that the Decedent had been severely beaten in an earlier incident, referred to in paragraph 11 of the complaint. However, Defendants deny that the suspects who beat the Decedent are "unnamed."

14.    In answer to the allegations in paragraph 14, Defendants admit that San Jose Police Officers utilized pepper spray, a baton and Tasers to subdue the Decedent. Defendants deny that San Jose Police Officers beat the Decedent.

15.    In answer to the allegations in paragraph 15, Defendants admit, at some point on or about January 26, 2006, Decedent was pronounced dead at Valley Medical Center.  Defendants also admit that the medical examiner conducted an autopsy and generated a report.  Furthermore, Defendants admit that the medical examiner's report lists "Status post multiple Taser device applications" within the category "Contributory Cause of Death."

16.    In answer to the allegations in paragraph 16, Defendants are without information or belief as to the identity, capacity and employment of the "Doe" Defendants named therein and, and on that basis, deny such allegations.  Defendants are without sufficient information or belief as to which "actions described above" is referenced in this paragraph and, on that basis, deny said allegation.  Defendants are also without sufficient

- 4 -

information or belief as to what "bystanders" are referenced in this paragraph and, on that basis, deny said allegations.

17.    In answer to the allegations in paragraph 17, Defendants deny that they engaged in any "misconduct."  Defendants are without information or belief as to the truth of the remainder of the allegations in said paragraph and, on that basis, deny said allegations.

18.    In answer to the allegations in paragraph 18, Defendants deny said allegations.

19.    In answer to the allegations in paragraph 19, Defendants deny said allegations.

20.    In answer to the allegations in paragraph 20, Defendants deny said allegations.  Furthermore, Defendants are without information or belief as to the identity, capacity or employment of the "Doe" Defendants named therein and, on that basis, deny said allegations.

21.    In answer to the allegations in paragraph 21, Defendants deny said allegations.  Furthermore, Defendants are without information or belief as to the identity, capacity or employment of the "Doe" Defendants named therein and, on that basis, deny said allegations.

22.    In answer to the allegations in paragraphs 22 and 22a-d, Defendants deny said allegations.  Furthermore, Defendants are without information or belief as to the identity of "Defendants Commissioner and County" and, on that basis, deny said allegations.

23    In answer to the allegations in paragraph 23, Defendants deny said allegations.

24.    In answer to the allegations in paragraphs 24 and 24a-d, Defendants deny said allegations.

25.    Except as otherwise stated above, Defendants hereby deny all allegations contained in Plaintiff's Complaint.

DEFENDANT'S ANSWER TO COMPLAINT                                C07 02998 JF
                                                                431738

1

**AFFIRMATIVE DEFENSES**

2    AS AND FOR A FIRST AFFIRMATIVE DEFENSE, these answering Defendants

3    allege that the Complaint fails to state a claim upon which relief can be granted

4    AS AND FOR A SECOND AFFIRMATIVE DEFENSE, these answering Defendants

5    allege that any harm Plaintiff suffered was the result of negligent, criminal or otherwise

6    wrongful conduct of persons other than these Defendants and that the conduct of persons

7    other than these Defendants were the sole and proximate cause of the injuries and

8    damages alleged by Plaintiff.

9    AS AND FOR A THIRD AFFIRMATIVE DEFENSE, these answering Defendants

10    allege that all actions taken were undertaken in good faith and with a reasonable belief that

11    the actions were valid, necessary, constitutionally proper and objectively reasonable for a

12    police officer in the same circumstances, and that such actions were not violations of

13    clearly established constitutional law, entitling the individual Defendants to qualified

14    immunity.

15    AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, these answering Defendants

16    allege that they are immune from the state law causes of action pursuant to Government

17    Code Sections 800-1000.

18    AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, these answering Defendants

19    allege they are immune from the state law causes of action pursuant to Government Code

20    Section 815.2(b) and Section 820.8 granting immunity for an injury caused by the act or

21    omission of another person.

22    AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, these answering Defendants

23    allege that Plaintiff's Complaint is barred in that Plaintiff failed to comply with the claims

24    filing provisions of Government Code § 900, *et seq*.

25    / / /

26    / / /

27    AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, these answering Defendants

28    allege that Plaintiff's Complaint is barred by the applicable statutes of limitation.

- 6 -

AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE, these answering Defendants allege that their conduct was privileged and not wrongful since they were acting in self-defense.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE, these answering Defendants allege that their conduct was privileged and not wrongful since they were acting in the defense of others.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that the death of the Decedent may have been the result, at least in part, of his negligent conduct and, if and to that extent, said actions of the Decedent were the proximate cause of the injuries and damages alleged by the Plaintiff in this case.

AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that the individual Defendants are entitled to immunity from Plaintiff's Complaint by virtue of the provisions of Government Code of the State of California, Sections 800 through 1000, including, but not limited to Sections 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 822.2.

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, these answering Defendants allege that the treatment of the Decedent was lawful and justified under the facts of the case.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that they are protected by the affirmative defenses provided by California Penal Code Sections 197, 834(a), 835 and 835(a).

AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff lacks standing for the claims that she brings.

/ / /

/ / /

AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's Complaint improperly attempts to plead allegations against fictitiously-named defendants.

1      WHEREFORE, these answering Defendants pray:

2      1.    That Plaintiff take nothing by her Complaint;

3      2.    That Plaintiff's Complaint be dismissed with prejudice;

4      3.    That Defendants be awarded their costs of suit, including attorneys' fees

5  incurred herein; and

6      4.    For such other and further relief as the Court deems proper.

7  DATED:  September 4, 2007      RICHARD DOYLE, City Attorney

8

9      By:  ___/s/_____

10      STEVEN B. DIPPELL
      Senior Deputy City Attorney

11      Attorneys for Defendants,
      ROBERT L. DAVIS, Chief of Police for the

12      and City of San Jose; CITY OF SAN JOSE

13

14      **JURY TRIAL DEMAND**

15    These answering Defendants hereby demand a jury.

16      Respectfully submitted,

17  Dated:  September 4, 2007      RICHARD DOYLE, City Attorney

18

19      By:  ____/s/_____

20      STEVEN B. DIPPELL
      Senior Deputy City Attorney

21      Attorneys for Defendants
      ROBERT L. DAVIS, Chief of Police for the

22      and City of San Jose; CITY OF SAN JOSE

23

24

25

26

27

28

- 8 -

1

**PROOF OF SERVICE**

2

CASE NAME:    *MOSCOSO v. CITY OF SAN JOSE, et al.*

3

CASE NO.:    C07-02998 JF

4

    I, the undersigned declare as follows:

5

6

    I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action.  My business address is 200 East Santa Clara Street, San Jose, California  95113-1905, and is located in the county where the service described below occurred.

7

8

    On September 4, 2007, I caused to be served the within:

    **1.    DEFENDANTS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

9

10

    **2.    STIPULATION AND JOINT PROPOSED DISCOVERY PLAN**
        **[FRCP Rule 26(f) Report]**

11

12

☒    by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

13

14

    I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

15

16

Addressed as follows:

17

18

Albie B. Jachimowicz
Gerald Allen Emanuel
Hinkle Jachimowicz Pointer & Mayron

19

2007 W. Hedding Street, Ste. 100
San Jose, CA 95128

20

Phone Number:  246-5500

21

Fax Number:  246-1051

22

Attorneys for Aleyda Moscoso, Plaintiff

23

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on September 4, 2007, at San Jose, California.

24

25

                    /s/                
                  Beverly Troxel

26

27

28