RICHARD DOYLE, City Attorney (#88625)
NORA FRIMANN, Chief Trial Attorney (#93249)
STEVEN B. DIPPELL, Sr. Deputy City Attorney (#121217)
NKIA D. RICHARDSON, Deputy City Attorney (#193209)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for ROBERT L. DAVIS, Chief of Police for
the City of San Jose; CITY OF SAN JOSE, a
California Municipal Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEYDA MARITZA MOSCOSO, Personal Representative of the ESTATE OF JORGE LUIS TRUILLO,<br><br>Plaintiff,<br>v.<br><br>ROBERT L. DAVIS, Chief of Police for the City of San Jose; CITY OF SAN JOSE, a California Municipal Corporation, and DOES 1-25, inclusive,<br><br>Defendants. | Case Number: C07-02998 JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:   September 14, 2007<br>TIME:    10:30 A.M.<br>CTRM:  3<br>JUDGE: Hon. Jeremy Fogel |

The parties to the above-entitled action jointly submit this Case Management Statement and request the Court to adopt it as its Case Management Order in this Case.

1.  **Jurisdiction and Service**

As this case arises under 42 U.S.C Sections 1983 and 1988, and alleges violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as well, the Court has jurisdiction over the controversy. Defendants City of San Jose and Chief of Police Robert L. Davis were "served" by Notice of Lawsuit and Waiver of Service and have answered the Complaint.

2.  **Facts**

This case concerns the death of Jorge Luis Trujillo.

1

On January 25, 2006, Mr. Trujillo was attacked while he was walking down the street, and brutally beaten by several assailants with a baseball bat. The police were called to the scene, but all the parties involved in the incident were gone by the time they arrived. Later in the evening, the police were called to a residence on a report of a man breaking into a car. The man was injured and combative when the police arrived, and had to be forcibly subdued using pepper spray, Tasers and a baton. Once restrained, the man was taken to a hospital, where he expired the following day. Investigation revealed that the man was Jorge Luis Trujillo, and that he was the victim of the earlier assault. The Police Department's investigation also resulted in the arrest of four individuals involved in the assault of Mr. Trujillo. Those four individuals are presently awaiting trial, charged with his murder.

The present action has been brought on behalf of Mr. Trujillo's estate, and claims that officers of the San Jose Police Department caused Mr. Trujillo's death. The defendants are the City of San Jose and Robert Davis, Chief of the San Jose Police Department (collectively referred to as the "City").

The principal factual issues in dispute are:
- a. The cause of Mr. Trujillo's death.
- b. The amount and type of force employed by members of the San Jose Police Department to subdue Mr. Trujillo.
- c. Whether any policy of the City of San Jose caused a violation of Mr. Trujillo's civil rights.
- d. Whether the City improperly trained, hired, supervised the officers involved SJPD in the incident.
- e. The nature and extent of Plaintiff's claimed damages.

3. **Legal Issues**
- a. What constitutional standard applies to the Plaintiff's claims
- b. The standing of the "Personal Representative" identified in the complaint to assert claims on behalf of Mr. Trujillo's estate.

     c.    Whether the Plaintiff has or can state a cause of action against the City under *Monell v. Dep't. of Soc. Servs.* (1978) 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611.

     d.    Whether the Plaintiff has or can state a cause of action against the Chief of Police for the constitutional and/or statutory violations alleged.

     e.    Whether the amount and type of force employed by members of the San Jose Police Department to subdue Mr. Trujillo was reasonable under circumstance.

### 4. Motions

There are no pending motions. Defendants have proposed to Plaintiff that the parties submit a joint application to the court requesting that this action be stayed during the pendency of the above-mentioned murder trial. Absent such a stipulation, Defendants intend to bring a motion seeking such a stay. Defendants may also bring a summary judgment motion to dispose of some or all of Plaintiff's contentions.

### 5. Amendment of Pleadings

None expected.

### 6. Evidence Preservation

Defendants have contacted the San Jose Police Department Homicide Unit and asked that all information pertaining to the incident involving Mr. Trujillo be preserved.

### 7. Disclosures

The parties have stipulated to postpone the Initial Disclosure described in FRCP Rule 27, and commencing discovery, until the above-mentioned issue regarding a stay of this action is resolved.

### 8. Discovery

See above.

### 9. Class Actions

Not applicable.

#### 10. Related Cases

Four individuals, all minors, have been arrested and charged with Mr. Trujillo's murder. The actions against them are pending in the Santa Clara County Superior Court.

#### 11. Relief

Plaintiff seeks compensatory damages in the amount of $3,000,000.00 and punitive damages in the amount of $3,000,000.00.

#### 12. Settlement and ADR

The parties have agreed to participate in the court's Early Neutral Evaluation program, unless/until the action is stayed.

#### 13. Consent to Magistrate Judge for All Purposes

Defendants have declined to consent to have a magistrate conduct further substantive proceedings.

#### 14. Other References

None requested.

#### 15. Narrowing of Issues

The parties believe it is too early in the litigation to determine whether there are any efficient means of narrowing the issues in this case, in addition to typical motion practice.

#### 16. Expedited Schedule

The parties do not believe this is the type of case that can be handled on an expedited basis.

#### 17. Scheduling

Scheduling in this case will depend on the court's determination whether this case should be stayed during the pendency of the aforementioned murder trial. Absent a stay, the parties believe that the case will be ready for trial in late-2008, and that deadlines should be set accordingly.

#### 18. Trial

The parties have requested a jury trial. A trial should take approximately ten to fifteen court days.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiff will file the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Pursuant to Civil L.R. 3-16, the undersigned counsel for the Plaintiff certifies that as of this date, other than the named parties, there is no such interest to report. Defendants are not subject to the requirements of Civil L.R. 3-16.

**20. Other Matters**

None.

Respectfully submitted,

Dated: September 7, 2007         RICHARD DOYLE, City Attorney

By: /s/ Steven B. Dippell
    STEVEN B. DIPPELL
    Sr. Deputy City Attorney
Attorneys for ROBERT L. DAVIS, Chief of Police for the City of San Jose; CITY OF SAN JOSE, a California Municipal Corporation

Dated: September 7, 2007         HINKLE, JACHIMOWICZ, POINTER & MAYRON

By: _____
    ALBIE B. JACHIMOWICZ
Attorneys for ALEYDA MARITZA MOSCOSO, Personal Representative of the ESTATE OF JORGE LUIS TRUJILLO

I affirm that Plaintiffs' counsel has consented to the electronic filing of this document on their behalf.

Dated: September 7, 2007         RICHARD DOYLE, City Attorney

By: /s/ Steven B. Dippell
    STEVEN B. DIPPELL
    Sr. Deputy City Attorney
Attorneys for ROBERT L. DAVIS, Chief of Police for the City of San Jose; CITY OF SAN JOSE, a California Municipal Corporation.

## PROOF OF SERVICE

CASE NAME:  MOSCOSO v. CITY OF SAN JOSE, et al.

CASE NO.:   C07-02998 JF

I, the undersigned declare as follows:

I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On September 7, 2007, I caused to be served the within:

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

☒ by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

Addressed as follows:

Albie B. Jachimowicz
Gerald Allen Emanuel
Hinkle Jachimowicz Pointer & Mayron
2007 W. Hedding Street, Ste. 100
San Jose, CA 95128
Phone Number: 246-5500
Fax Number: 246-1051

Attorneys for Aleyda Moscoso, Plaintiff

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 7, 2007, at San Jose, California.

_____
Beverly Troxel